

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| CHARLES KYLES, | ) | No. ED99632 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Julian Bush |
| | ) | |
| Respondent. | ) | Filed: January 21, 2014 |

*Introduction*

Charles Kyles (Movant) appeals the judgment of the Circuit Court of the City of St. Louis denying his Rule 29.15 motion for post-conviction relief. Movant claims that the motion court erred in denying, without an evidentiary hearing, his claim that his defense counsel was ineffective in failing to move to strike for cause or peremptorily a venireperson who ultimately served on the jury. We reverse and remand for an evidentiary hearing.

*Factual and Procedural Background*

Viewed in the light most favorable to the verdict, the evidence at trial revealed the following: On October 24, 2009, Patricia Bowden reported to the St. Louis Metropolitan Police Department that her car had been stolen from in front of her house where she had parked and locked it earlier that day. On October 26, 2009, while on patrol duty, Officer Ryan Barone recognized the license plates on a car parked in the middle of the street as matching those of the car Bowden had reported as stolen. Officer Barone contacted dispatch to confirm the car was

stolen. While Officer Barone was awaiting confirmation, Movant drove the car to the side of the road and exited. When Officer Barone identified himself as a police officer and asked Movant to stop, Movant began running. Officer Barone eventually caught up to Movant and tackled him to the ground. During the struggle, Movant stood up and hit Officer Barone, but Officer Barone tackled Defendant back to the ground and detained him until other officers arrived a few minutes later.

The State charged Movant with one count of tampering in the first degree, one count of resisting or interfering with arrest, and one count of assault of a law enforcement officer in the third degree. During jury selection, the prosecutor asked the venire panel whether any venireperson had been arrested for a crime. Ms. Boyd answered affirmatively and among other things, stated the following:

> [Prosecutor]: Anything else – any questions that I haven't asked you that might impact your ability to be fair and impartial?
> [Boyd]: The fact that someone tried to steal my car a month ago might be a problem. The engine was running and the column was broke out.
> [Prosecutor]: Was that a month ago?
> [Boyd]: A month ago. Just enough damage where I could turn it into my insurance. My car has been messed up ever since.
> [Prosecutor]: I'm going to come back to you about that incident as soon as I'm done with this question…

Ms. Boyd also responded to the prosecutor's question about whether there was "anyone here either themselves… who has been the victim of a property crime who was not really satisfied about how they were treated, or also who thinks that might impact their ability to be on the jury involving a property crime?" Ms. Boyd provided the following information:

> [Boyd]: A month ago someone tried to steal my car. It happened at 4:00 in the morning. You come out. You have no steering column. They do enough damage. I'm not going to sit here and say I might be impartial. I might find myself sympathizing with whoever's car.
> [Prosecutor]: What we're trying to do is find 12 people who can listen to the evidence and make their decision on what they see and believe. You're allowed to

2

judge the credibility of a witness. Do you think, based on what happened to you, that you would be thinking about that instead of listening to the evidence?
[Boyd]: I can listen to the evidence. What I'm telling you is I might find myself sympathizing with whoever the victim was in the situation.

Defense counsel did not move to strike Ms. Boyd for cause or peremptorily, and Ms. Boyd served on the jury at Movant's trial. The jury found Movant guilty on all counts, and the trial court sentenced Movant as a persistent offender to concurrent terms of eight years' imprisonment for tampering in the first degree, six years' imprisonment for resisting or interfering with arrest, and one year's confinement for assault of a law enforcement officer in the third degree. This court affirmed the judgment and sentence. State v. Kyles, 380 S.W.3d 649 (Mo.App.E.D. 2012).

Movant filed a timely motion for post-conviction relief, which counsel amended. The motion court denied Movant's motion without an evidentiary hearing, finding defense counsel was not ineffective for failing to: (1) strike Ms. Boyd from the jury because Defendant pointed to no evidence that Ms. Boyd's sympathy for the victim would interfere with her ability to fairly assess whether Defendant was criminally responsible; and (2) exercise a peremptory strike because Defendant did not plead facts suggesting Ms. Boyd was actually biased against him. Movant appeals.

### *Standard of Review*

We review the denial of a motion for post-conviction motion without an evidentiary hearing to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are erroneous if, after reviewing the entire record, we are left with the definite impression that a mistake has been made. Zink v. State, 278 S.W.3d 170, 175 (Mo. banc 2009).

*Discussion*

A movant is entitled to an evidentiary hearing on a Rule 29.15 motion if: (1) the motion alleges facts, not conclusions, warranting relief; (2) the facts alleged raise matters not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. Roberts v. State, 276 S.W.3d 833, 835 (Mo. banc 2009). To ensure that claims for post-conviction relief are decided correctly, Rule 29.15 encourages evidentiary hearings. Wilkes v. State, 82 S.W.3d 925, 929 (Mo. banc 2002). "To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be specific enough to refute conclusively the movant's allegations." Lomax v. State, 163 S.W.3d 561, 563 (Mo.App.E.D. 2005) (quotation omitted).

In his sole point, Movant asserts that the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because defense counsel was ineffective for failing to strike for cause or peremptorily Ms. Boyd "who had a disqualifying bias." Specifically, Movant contends that Ms. Boyd was not qualified to be a juror because "[t]he record[] shows not only that [Ms.] Boyd would have sympathized with the tampering victim, but also that her recent victimization before trial impacted her ability to be fair and impartial." Movant further alleges that "there is a reasonable probability that, but for trial counsel's ineffectiveness, a fair and impartial jury, which excluded [Ms.] Boyd, would have acquitted [Movant] of one or more of the offenses for which the jury convicted him."

In response, the State contends that that the motion court did not clearly err in denying Movant's motion an evidentiary hearing. Specifically, the State asserts that: (1) Movant failed to establish actual prejudice to warrant a hearing because he assumed that Ms. Boyd actually sat on the jury without providing factual support for that assumption; (2) Ms. Boyd provided statements

4

that rehabilitated her; and (3) Movant failed to overcome the presumption that defense counsel's failure to strike Ms. Boyd was reasonable trial strategy.

As an initial matter, we address the State's contention that Movant failed to establish actual prejudice because Movant assumed that Ms. Boyd actually sat on the jury without providing factual support for that assumption. The State asserts that "the record on appeal does not contain any express indication that Ms. Boyd actually served on the jury." However, on November 5, 2013, we granted Movant's motion to supplement the record on appeal. Movant filed a certified copy of the jury list that includes Ms. Boyd's name. Additionally, in its findings of fact and conclusions of law, the motion court found that "the record discloses that… Ms. Boyd served on the jury." Contrary to the State's assertion, Movant has sufficiently shown that Ms. Boyd actually sat on the jury.

"A defendant has a right to a fair and impartial jury." Anderson v. State, 196 S.W.3d 28, 33, 40 (Mo. banc 2006). "An 'impartial jury' is one where *each and every one* of the twelve members constituting the jury is totally free from partiality whatsoever." Presley v. State, 750 S.W.2d 602, 606 (Mo.App.S.D. 1988) (emphasis in original). To qualify as a juror, a venireperson "must be able to enter upon that service with an open mind, free from bias and prejudice." James v. State, 222 S.W.3d 302, 305 (Mo.App.W.D. 2007). "Where a venireperson's answer suggests a possibility of bias, that person is not qualified to serve as a juror unless, upon further questioning, he or she is rehabilitated by giving unequivocal assurances of impartiality." Id. at 306. "If a juror cannot be fair and impartial, then the juror must be stricken." Id. at 305. "Where trial counsel fails to strike a biased venireperson who ultimately serves as a juror, a post-conviction defendant is entitled to a presumption of prejudice." White v. State, 290 S.W.3d 162, 165 (Mo.App.E.D. 2009).

5

Ms. Boyd's comments during voir dire suggested bias because she stated that she was a recent victim of a tampering crime – one of the specific charges against Movant in this case – and that she might be sympathetic to the victim in this case. The record reveals that when the prosecutor asked Ms. Boyd whether there was anything else that might affect her ability to be fair and impartial, she responded that "[t]he fact that someone tried to steal my car a month ago might be a problem." When the prosecutor returned to Ms. Boyd to inquire whether her experience as a victim of property crime would affect her ability to be a juror in a trial involving a property crime, Ms. Boyd explained that "a month ago someone tried to steal [her] car" and, as a result, she "might find [her]self sympathizing with whoever's car." The prosecutor then asked whether she would be thinking about what happened to her instead of listening to the evidence, and Ms. Boyd responded that she could listen to the evidence but restated that she "might find [her]self sympathizing with whoever the victim was in the situation."

Additionally, contrary to the State's contention that further questioning rehabilitated Ms. Boyd, the record establishes that Ms. Boyd provided no unequivocal assurances that her sympathy and experience as a tampering crime victim would not affect her ability to be fair and impartial. Ms. Boyd's final comment regarding how her experience as a tampering crime victim would affect her as a juror was, "What I'm telling you is I might find myself sympathizing with whoever the victim was in the situation." Accordingly, the State did not rehabilitate Ms. Boyd. See White, 290 S.W.3d at 166.

Finally, the State asserts that Movant failed to overcome the presumption that defense counsel made a reasonable strategic decision not to strike Ms. Boyd from the jury. "The mere assertion that conduct of trial counsel was 'trial strategy' is not sufficient to preclude a movant from obtaining post-conviction relief based on a claim of ineffective assistance of counsel."

6

Wilkes v. State, 82 S.W.3d 925, 930 (Mo. banc 2002). "For 'trial strategy' to be the basis for denying post-conviction relief, the strategy must be reasonable." Id. The record in this case does not conclusively show that defense counsel's failure to strike Ms. Boyd from the jury was reasonable trial strategy. Because the motion court did not hold an evidentiary hearing on Movant's Rule 29.15 motion, defense counsel did not have the opportunity to explain whether his failure to strike Ms. Boyd was reasonable trial strategy. Because Movant alleged facts, not refuted by the record, entitling him to relief, the motion court clearly erred in denying Movant an evidentiary hearing on his Rule 29.15 motion.

### *Conclusion*

We reverse the motion court's judgment and remand for an evidentiary hearing.

_____

Patricia L. Cohen, Judge

Lisa S. Van Amburg, P.J., and
Philip M. Hess, J., concur.

7